UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                Criminal Case No. 15-cv-20589
v.                                Civil Case No. 17-cv-11321
                                Honorable Mark A. Goldsmith

LAMONT HARVEY,

      Defendant.
_____/

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Dkt. 65)

This matter is now before the Court on Defendant Lamont Harvey's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Dkt. 65).[1] The motion is fully briefed, including several supplemental briefs by both parties, and a hearing was held on November 30, 2018. For the following reasons, Harvey's motion is denied.

### I. BACKGROUND

On September 22, 2015, Harvey was indicted for conspiracy to possess crack cocaine with intent to distribute, 21 U.S.C. §§ 841, 846, and four counts of distribution of crack cocaine, 21 U.S.C. § 841(a)(1). See Indictment (Dkt. 10). Harvey's co-Defendant, Christopher Livingston, was charged with conspiracy to possess crack cocaine with intent to distribute, 21 U.S.C. §§ 841, 846; eleven counts of distribution of crack cocaine, 21 U.S.C. § 841(a)(1); and felon in possession

---

[1] Harvey previously filed a motion to vacate his sentence, see Dkt. 52, and a supplemental motion to vacate, see Dkt. 56. The instant motion was intended to replace these prior filings, and counsel for Harvey confirmed at the November 30, 2018 hearing that Harvey was withdrawing these filings. Accordingly, the Court need not consider them.

of a firearm, 18 U.S.C. § 922(g)(1). Id. Livingston entered a guilty plea on February 8, 2016, and was sentenced on July 21, 2016 to 57 months' imprisonment and three years' supervised release. See Judgment (Dkt. 38).

A final pretrial conference was held in Harvey's case on May 18, 2016, and trial was set for June 27, 2016, see 5/20/2016 Stip. & Order (Dkt. 24). The parties arrived for trial on June 27, 2016 as scheduled; however, according to Harvey, his attorney Marlon Evans urged him to accept the Rule 11 Plea Agreement instead of proceeding to trial. Harvey then pleaded guilty to one of the four counts of distribution. See Rule 11 Plea Agreement (Dkt. 35). Evans subsequently filed a motion to withdraw, which was granted by Judge Gerald Rosen (the judge to whom this case was originally assigned). See 9/26/2016 Stip. & Order (Dkt. 42). Harvey's new counsel, Leon Weiss, then filed a motion to withdraw Harvey's guilty plea, which Judge Rosen denied. See 1/9/2017 Order (Dkt. 47). On January 26, 2017, Judge Rosen accepted Harvey's guilty plea and sentenced him to 156 months' imprisonment followed by three years' supervised release. See Judgment (Dkt. 50).

Harvey now asks that his sentence be vacated pursuant to 28 U.S.C. § 2255. Harvey points out that his original counsel, Marlon Evans, previously represented Livingston when Livingston was charged with violating 21 U.S.C. § 841(a)(1) in 2002. See United States v. Livingston, No. 02-cr-80801 (E.D. Mich.). Harvey contends that this undisclosed conflict of interest rendered the assistance of his counsel ineffective and invalidates his plea.

The Court held a hearing on Harvey's motion on November 30, 2018. At the hearing, Marlon Evans testified that Harvey knew of Evans' prior representation of Livingston. In fact, according to Evans, Harvey was the one who brought the prior representation to Evans' attention. Evans testified that he did not remember anything about his representation of Livingston in 2002-

2

2003.  He further testified that he believed, until the morning of Harvey's trial, that Livingston would not testify against Harvey.  When Evans learned that Livingston was at the courthouse on the morning of Harvey's trial and was prepared to testify, Evans thought that it was in Harvey's best interest to plead guilty.  Evans also stated that Harvey had made some sort of a recorded statement regarding his involvement with drugs, which further influenced his decision to advise Harvey to enter a guilty plea.[2]  Harvey was present at the November 30, 2018 hearing, but his attorney chose not to ask him to testify.

Following the hearing, both parties filed supplemental briefs (Dkts. 73 & 74).  Having considered all of the briefing on the issue, as well as the testimony put forth at the November 30, 2018 hearing, the Court denies Harvey's motion.

## II.     STANDARD OF REVIEW

Harvey's motion is brought pursuant to 28 U.S.C. § 2255, which provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict."  Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005).  Non-

---

[2] The Court does not have a copy of this audio-recorded statement, and the parties dispute its importance.  The Government says that Harvey told a government agent that "he had been selling drugs for 'not that long'" and that "he was 'moving small amounts -ounces.'"  Gov't Supp. Br. at 3 (Dkt. 74); Harvey contends that "the statement was allegedly that Defendant 'used' (as in formerly) to sell drugs."  Def. Supp. Br. at 1 (Dkt. 73).

constitutional errors generally are outside the scope of § 2255 relief. See United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing "a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999) (internal quotation marks and citation omitted).

### III. ANALYSIS

Harvey argues that due to Marlon Evans' prior representation of Livingston, (i) his counsel was ineffective, and (ii) his plea was unknowing and unintelligent. The Court addresses each argument in turn.

**A. Ineffective Assistance of Counsel**

Harvey's original trial counsel, Marlon Evans, previously represented Harvey's co-defendant, Christopher Livingston. In 2002, Livingston was charged with possession of a controlled substance with intent to distribute, 21 U.S.C. § 841(a)(1), the same crime with which Livingston and Harvey were charged in 2015. Harvey argues that this prior representation created a conflict of interest, which Evans did not disclose to Harvey. Instead, Harvey argues, Evans encouraged Harvey to plead guilty because Evans knew he would be unable to effectively cross-examine Livingston – the Government's key witness against Harvey – at trial. Harvey contends Evans' failure to disclose his prior representation constituted a violation of his Sixth Amendment right to the effective assistance of counsel.

The Sixth Amendment to the U.S. Constitution guarantees a criminal defendant the right to the effective assistance of counsel. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received

4

ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. Id. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. Id. In the context of guilty pleas, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

However, a "lesser degree of prejudice must be shown by a § 2255 movant who . . . claims ineffective assistance of counsel on the ground that his counsel represented simultaneously conflicting interests at trial." Cordell v. United States, 193 F. App'x 479, 481 (6th Cir. 2006) (citing Mickens v. Taylor, 535 U.S. 162, 167-168 (2002)). There, the movant must show that "'a conflict of interest actually affected the adequacy of his representation,' but need not show that but for the conflict the outcome . . . would have been different." Id. (quoting Cuyler v. Sullivan, 446 U.S. 335, 348-349 (1980)) (internal citations omitted). Instead, the court presumes that, but for the conflict, the outcome of the litigation would have been different. Id. The Sixth Circuit has explained that "an 'actual conflict,' for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance." Jalowiec v. Bradshaw, 657 F.3d 293, 317 (6th Cir. 2011) (quoting Mickens, 535 U.S. at 172 n.5) (alterations omitted).

It is unsettled whether this presumption applies in cases of successive, rather than concurrent, representation. See Mickens, 535 U.S. at 176 ("[W]e do not rule upon the need for the Sullivan prophylaxis in cases of successive representation."); Jalowiec, 657 F.3d at 315 (noting that "later Sixth Circuit rulings have declined to apply the Sullivan presumption in cases of

5

successive representation"). In a successive representation case, "the 'fear' is that an actual conflict will adversely affect trial counsel's performance because 'the lawyer will fail to cross-examine the former client rigorously for fear of revealing or misusing confidential information.'" Cordell, 193 F. App'x at 482 (quoting Moss v. United States, 323 F.3d 445, 460 (6th Cir. 2003)).

Harvey urges the Court to apply the Sullivan presumption to Evans' successive representation in this case. Def. Mot. at 15 (Dkt. 65). He argues that Livingston was the Government's only link between Harvey and the alleged distribution of narcotics. Id. at 11. Harvey claims that Evans knew that he would be unable to effectively cross-examine Livingston, for fear of using privileged information against him, so Evans persuaded Harvey to plead guilty. He says that Evans "has knowledge of Co-Defendant Livingston's conduct in the world of narcotics and potential ties to Defendant." Id. at 13. Harvey also maintains that, even under the traditional Strickland analysis, attorney Marlon Evans had a conflict of interest that adversely affected his representation.

The Court finds that Harvey's claim fails even when applying a Sullivan analysis, because Harvey has not shown that his counsel actively represented conflicting interests. As stated, the Sullivan presumption of prejudice applies "only if the defendant demonstrates that 'a conflict of interest actually affected the adequacy of his representation.'" McElrath v. Simpson, 595 F.3d 624, 630-631 (6th Cir. 2010) (quoting Sullivan, 446 U.S. at 349)). Based on Evans' testimony, the Court concludes that Harvey was aware that Evans had previously represented Livingston. But Harvey may not have been aware of the legal significance of this prior representation – he may not have realized that this prior representation created the potential for a conflict, and Harvey certainly did not waive any objection to such conflict. See United States v. Robinson, 290 F. App'x 769, 773 (6th Cir. 2008) (defendant's waiver of right to conflict-free counsel must "not only be

6

voluntary, but must also constitute a knowing and intelligent relinquishment or abandonment of a known right or privilege").

Nonetheless, the Court concludes that there was no <u>actual</u> conflict that affected Harvey's Sixth Amendment rights. Harvey has not identified any information that Evans might have had that would have prevented him from effectively cross-examining Livingston. He simply asserts that, because Evans represented Livingston on a similar charge over a decade before, Evans <u>must</u> have learned something confidential. This is not sufficient. <u>See</u> <u>Goward v. United States</u>, 569 F. App'x 408, 413 (6th Cir. 2014) ("Because Goward has not identified any confidential information his counsel learned from Joseph that hampered cross-examination . . . Goward has not shown an actual conflict that influenced counsel's performance."); <u>see also</u> <u>McElrath</u>, 595 F.3d at 631 ("To find an actual conflict, we require petitioner to 'point to specific instances in the record to suggest an actual conflict or impairment of his interests' and 'demonstrate that the attorney made a choice between possible alternative courses of action . . . .'") (brackets omitted). Further, Evans testified that he did not remember anything about his representation of Livingston. While Harvey's counsel examined Evans at the hearing, he asked no questions about whether Evans had acquired any confidential information pertaining to Livingston and whether he had been concerned about exploiting it in his representation of Harvey. Evans testified that his advice to Harvey regarding the guilty plea was based upon Livingston's willingness to testify and Harvey's recorded statement.

Thus, Harvey has not shown the existence of an actual conflict under <u>Sullivan</u>. Nor has he shown that, as required under <u>Strickland</u>, any conflict of interest contributed to deficiencies in Evans' performance, such that there is a reasonable probability that, but for these deficiencies,

7

Harvey would not have entered his guilty plea. As such, the Court does not find that Harvey's Sixth Amendment right to the effective assistance of counsel was violated.

**B. Plea Agreement**

Harvey also argues that the fact that his attorney did not disclose his prior representation of Livingston means that Harvey's guilty plea was not knowing or intelligent. At his plea colloquy, Judge Rosen informed Harvey that if he chose not to plead guilty and instead proceed to trial, he would have the right to question adverse witnesses. See 6/27/2016 Plea Hr'g Tr. at 18 (Dkt. 45). Harvey indicated that he understood and agreed to this waiver, but now argues that he could not have done so knowingly and intelligently, given that he was unaware that his attorney would not be able to effectively cross-examine Livingston.

This is simply another way of framing Harvey's argument regarding Evans' alleged conflict of interest. A defendant who pleads guilty upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea" by showing that counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56-57 (1985) (internal quotations omitted). As the Court has already determined that Evans' representation was not ineffective, Harvey's claim fails. Harvey has not shown the existence of any actual conflict of which he should have been aware at the time he entered his guilty plea.

Accordingly, the Court denies Harvey's claim for relief on this ground.

**IV. CERTIFICATE OF APPEALABILITY**

To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could conclude that the petition should have been

8

resolved in a different manner, or that the issues presented were adequate enough for encouragement to proceed further. See Slack v. McDaniel, 529 U.S. 473, 483-484 (2000). Because reasonable jurists could find this that this petition should have been resolved in a different manner, the Court will grant a certificate of appealability.

## V. CONCLUSION

For the reasons provided, the Court denies Harvey's motion to vacate sentence under 28 U.S.C. § 2255 (Dkt. 65) and grants a certificate of appealability.

SO ORDERED.

Dated: January 17, 2019  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge