UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

LAMONT HARVEY,

       Defendant.
_____/

Case No. 15-20589
Hon. Mark A. Goldsmith

**OPINION
SETTING FORTH THE REASONS FOR DENYING DEFENDANT LAMONT
HARVEY'S MOTION FOR COMPASSIONATE RELEASE (Dkt. 102)**

The Court denied Defendant Lamont Harvey's motion for compassionate release on September 17, 2020 (Dkt. 102). The Court is entering this Opinion to set forth its findings and analysis in support of that order.

Pursuant to a Rule 11 plea agreement, Harvey was sentenced on August 1, 2018, to 156 months' imprisonment for distribution of a controlled substance, in violation of violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). See Judgment (Dkt. 50). He has a projected release date of March 4, 2028.[1] Harvey sought compassionate release (Dkt. 87) and requested that the Court allow him to serve the remaining years of his sentence under home confinement because of the dangers posed by COVID-19. For the reasons that follow, the Court denied Harvey's motion.

### I.    BACKGROUND

Harvey is currently serving his sentence at the Federal Correctional Institution ("FCI") in Terre Haute, Indiana. The Bureau of Prisons' ("BOP") website reports that at Terre Haute FCI

---

[1] See https://www.bop.gov/inmateloc/ (last visited on October 20, 2020).

there are fourteen inmates and four staff member with active cases of COVID-19.[2] The BOP has implemented a COVID-19 action plan to minimize the risk of COVID-19 transmission into and within its facilities, which includes quarantining inmates, taking social distancing measures, and providing personal protective equipment to staff and inmates. Resp. at 5-7 (Dkt. 91).

Harvey is forty-four years old and represented that he has been diagnosed with chronic bronchitis, which is defined as a chronic obstructive pulmonary disease ("COPD"). Mot ¶¶ 5-8. Harvey's BOP medical records do not mention bronchitis. To the contrary, the BOP medical records indicate that he has no respiratory problems. See Harvey BOP records, Ex. 1 to Resp., at PageID.999, 1003, 1007, 1011, 1057 (noting respiratory system is within normal limits). In his reply brief, Harvey produced medical records from the Henry Ford Health System. 2011 Medical Records, Ex. 2 to Reply (Dkt. 101). In 2011, Harvey went to the emergency room for chest pain. Id. at PageID.1097. A chest X-ray showed that his vascular structures were within normal limits, and it showed that Harvey's lungs were clear for both active and chronic change. Id. at PageID.1111. Harvey informed his doctor that he had experienced a productive cough for a few days. Id. at PageID.1099. Harvey's doctor diagnosed him with bronchitis, wrote him a prescription, and discharged him with instructions to rest for a few days. Id. There is no indication in the 2011 medical records that Harvey's bronchitis is chronic.

Based on his bronchitis in 2011, Harvey sought a reduction in sentence from this Court under the First Step Act.

I. LEGAL STANDARD

"The First Step Act of 2019, Pub. L. 115-391, 132 Stat. 5194, modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582," such that district

---

[2] See https://www.bop.gov/coronavirus/ (last visited on October 20, 2020).

courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences. United States v. Sapp, No. 14-cr-20520, 2020 WL 515935, at *1 (E.D. Mich. Jan. 31, 2020). Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a sentence if, after considering the sentencing factors set forth in § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

In the commentary to U.S.S.G. § 1B1.13, the Sentencing Commission has enumerated several extraordinary and compelling reasons justifying a reduction of sentence, including the "Medical Condition of the Defendant," "Age of the Defendant," and "Family Circumstances." U.S.S.G. 1B1.13 cmt. n.1(A)-(C). Some examples of compelling reasons are medical conditions "with an end of life trajectory," a defendant's serious physical deterioration related to the aging process, and death or incapacitation of a caregiver of a defendant's minor child or children. Id. The Guidelines also contemplate "Other Reasons" where the defendant has "extraordinary and compelling reasons other than, or in combination with" the other enumerated reasons. U.S.S.G. 1B1.13 cmt. n.1(D).

## II. ANALYSIS

### A. Extraordinary and Compelling Reasons

Harvey sought compassionate release because he argued that he suffers from chronic bronchitis. Mot. ¶¶ 5-8. The Government argued that there is no support for Harvey's claim of chronic bronchitis. The Government has the better part of the argument.

The Centers for Disease Control and Prevention ("CDC") has identified categories of people who might be at an increased risk for severe illness from COVID-19, which includes

individuals who have chronic bronchitis.[3] According to the American Lung Association ("ALA"), bronchitis "can cause severe coughing spells that bring up mucus, wheezing, chest pain and shortness of breath."[4] The ALA notes that there are two main types of bronchitis, chronic and acute. It explains that "[u]nlike acute bronchitis, which usually develops from a respiratory infection such as a cold and goes away in a week or two, chronic bronchitis is a more serious condition that develops over time." The ALA explains that when diagnosing chronic bronchitis, a doctor will look for a productive cough lasting at least three months that happens multiple times over the course of a least two years. Harvey's medical records do not say that he has been diagnosed with chronic bronchitis or COPD, and the records do not raise an inference that he may indeed have chronic bronchitis.

Harvey's single bout of bronchitis in 2011 does not fall in the category of illnesses with an end of life trajectory, or other reasons, under the guidelines. A reduction in sentence would not have been consistent with the policy statements issued by the Sentencing Commission.[5]

### B. 18 U.S.C. § 3553(a) Factors

The Government also argued that even if Harvey's medical conditions were extraordinary and compelling reasons justifying his release, Harvey should not be released because of the

---

[3] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#asthma (last visited on October 20, 2020).

[4] See https://www.lung.org/lung-health-diseases/lung-disease-lookup/chronic-bronchitis (last visited on October 21, 2020).

[5] Even in the context of pretrial release—which is not confined by the stringencies of the "extraordinary and compelling reasons" standard applicable here—courts have not granted relief from custody without a strong showing that a prisoner has a significant risk of suffering harm from COVID-19. See, e.g., United States v. Wise, No. 18-20799, 2020 WL 1873364, at *3 (E.D. Mich. Apr. 15, 2020); United States v. Brown, No. 13-20337, 2020 WL 2092651, at *5-*7 (E.D. Mich. May 1, 2020).

substantial time remaining on his sentence and his serious criminal history. Resp. at 19-20. Harvey argued that he should not be considered a danger to the community for non-violent drug crimes. Reply at 6-7. Harvey's argument misses the mark.

The § 3553(a) factors include the nature and circumstances of a defendant's offenses, the seriousness of the offenses, and the need to protect the public from further crimes by the defendant. Harvey has eight felony convictions, seven of which were for drug trafficking. Resp. at 19. The Sixth Circuit has noted that "drug trafficking is a serious offense that, in itself, poses a danger to the community." United States v. Stone, 608 F.3d 939, 947 n.6 (6th Cir. 2010). Harvey's multiple felony convictions for drug crimes did not make him a good candidate for release. Additionally, Harvey has served less than a third of his custodial sentence. Reducing Harvey's sentence by almost a decade would not have been consistent with the sentencing purposes of 18 U.S.C. § 3553(a), because the reduction would not reflect the seriousness of his offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes by Harvey. The § 3553(a) factors did not favor Harvey's release.[6]

### III. CONCLUSION

For the reasons stated above, Harvey's motion for compassionate release (Dkt. 87) was denied.

Dated: October 21, 2020  
      Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

---

[6] The Government also asserted that Harvey did not exhaust his administrative remedies by seeking relief from the BOP before filing his motion. Resp. at 5. In his reply brief, Harvey presented his email request to the BOP seeking release based on the COVID-19 pandemic. 4/22/20 Email, Ex. 1 to Reply (Dkt. 100-1). Before seeking compassionate release from federal courts, prisoners must "fully exhaust[ ] all administrative rights" or else they must wait for 30 days after the warden's "receipt of [their] request." 18 U.S.C. § 3582(c)(1)(A). Harvey filed his motion for compassionate release with this Court more than 30 days after he made his request for compassionate release. Exhaustion does not bar the relief Harvey seeks.